IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KEVIN MILLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-cv-2770-SHL-tmp |
| | ) | |
| CHRISTOPHER A. WRAY and | ) | |
| WILLIAM BARR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff Kevin Millen's *pro se* complaint, filed on October 19, 2020.[1] (ECF No. 1.) That same day, Millen filed a motion for leave to proceed *in forma pauperis*, which this court granted on October 28, 2020. (ECF Nos. 2, 8.) As Millen is proceeding *in forma pauperis*, the complaint falls within the screening requirement of 28 U.S.C. § 1915. For the reasons below, it is recommended that Millen's complaint be dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. PROPOSED FINDINGS OF FACT

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

Plaintiff Kevin Millen's *pro se* complaint, titled "Complaint for Violation of Civil Rights Under 42 U.S.C., § 1983," names United States Attorney General William Barr and Federal Bureau of Investigation ("FBI") Director Christopher Wray as defendants. (ECF No. 1, at 1-2.) The complaint alleges:

> For some reason the FBI/DOJ will not do anything but allow violations of the law when dealing with me, Kevin Millen. I have written the FBI/DOJ and both are saying I haven't shown any violations. If we look at color of law, it states "to willfully deprive or conspire to deprive a person of a right protected by the Constitution or U.S. law.["] They should have incarcerated all whom denied my cases.

(Id. at 2.) Millen attached a 17-page narrative to his complaint that appears to lay out Millen's experience with the court system. (ECF No. 1-1.) Millen's complaint cites to six Tennessee state court decisions and a United States Tax Court decision.[2] (Id.)

In the first case, the Shelby County General Sessions Court held Millen in contempt for attempting to subpoena forty-three elected officials representing Shelby County, an order which was affirmed by the Shelby County Criminal Court and the Tennessee Court of Criminal Appeals, and which was denied review by the

---

[2]The undersigned's Proposed Findings of fact are based on Millen's recitation of events in the complaint and public court records. See Bailey v. City of Ann Arbor, 860 F.3d 382, 387 (6th Cir. 2017) (quoting New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003) (the court may "consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.")).

Tennessee Supreme Court. (Id. at 1-2); see State v. Millen, No. W2010-02056-CCA-R3-CD, 2011 WL 1744278 (Tenn. Crim. App. May 4, 2011) (hereinafter "No. 02056"). In the second case, the Tennessee Court of Appeals affirmed a trial court order dismissing his complaint, which alleged that he was "carjacked" by the Shelby County Sheriff's Office when his car was sold at a sheriff's sale pursuant to a worker's compensation judgment. (ECF No. 1-1, at 2-4); see Millen v. Shelby Cty. Sheriff's Office, No. W2010-01343-COA-R3-CV, 2010 WL 4515007 (Tenn. Ct. App. Nov. 10, 2010) (hereinafter "No. 01343"). In the third case, he was allegedly incarcerated "for no reason at all" after charges against him were upgraded.[3] (ECF No. 1-1, at 4-5.) In the fourth case, the Tennessee Court of Appeals affirmed a trial court order to dismiss his complaint, which alleged that a Tennessee Juvenile Court garnished money from his bank account for apparently no reason. (ECF No. 1-1, at 5-6); see Millen v. Hatter, No. W2016-01975-COA-R3-CV, 2018 WL 4929498 (Tenn. Ct. App. Oct. 11, 2018). In the fifth case, the Tennessee Court of Appeals reversed and remanded a Shelby County Circuit Court decision that had dismissed Millen's appeal of an eviction from his apartment. (ECF No. 1-1, at 6-9); see Thomas v. Millen, No. W2019-00086-COA-R3-CV, 2019 WL 6954178 (Tenn. Ct. App.

---

[3] Millen cited to this case as "Tennessee Case 2010-06996." (ECF No. 1-1, at 4.) The undersigned's independent research was unable to locate any corresponding court documents.

- 3 -

Dec. 19, 2019). Although successful at the appellate level, Millen alleges that he was still evicted from the apartment despite paying his rent. (ECF No. 1-1, at 6-9.) In the sixth case, a United States Tax Court upheld an IRS decision to nullify a past-due collections agreement after Millen failed to comply with the terms of the agreement, which Millen classified as "attempted theft." (Id., at 9-11); see Millen v. Comm'r, T.C. Memo. 2019-60. Additionally, Millen cites to State v. Millen, No. W2011-01662-SC-R11-CD (Tenn. Crim. App. Aug. 15, 2012), No. 02056, and No. 01343 as examples of courts "allow[ing] people to just overlook the paperwork input because it was right." (ECF No. 1-1, at 12.)

Millen does not provide any specific facts for any of the above allegations and does not detail his attempts to contact either Attorney General Barr or Director Wray. His complaint specifically requests that Tennessee Governor Bill Lee (who is not a party to this lawsuit) "sign and tell the Board of Claims to quickly, meaning on the day of signing, pay [him,] Kevin Millen[,] [his] money," that the Department of Justice enforce a garnishment order immediately, and that Director Wray enforce payment of a civil suit against the defendants. (ECF No. 1, at 3.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

The undersigned is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof,

- 4 -

if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). In assessing whether the complaint states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Richman v. United States Gov't, No. 2:17-cv-2342-SHM-tmp, 2018 WL 1792172, at *1 (W.D. Tenn. Apr. 16, 2018).

To avoid dismissal under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)).

Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B.   Failure to State a Claim**

Millen's complaint is styled as an action brought under 42 U.S.C. § 1983. "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Nouri v. Cty. of Oakland, 615 F. App'x 291, 295 (6th Cir. 2015) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)

(alteration in original)). "'[T]he federal government and its officials are not subject to suit under § 1983,' because federal agencies are governed by federal statutes, and 'federal officials typically act under color of *federal* law.'" Richman, 2018 WL 1792172, at *4 (quoting Haines v. Fed. Motor Carrier Safety Admin., 814 F.3d 417, 429 (6th Cir. 2016) (internal citations and quotation marks omitted) (emphasis in original)).

Millen has not sued an actor under color of state law or alleged a constitutional violation. Millen's complaint, which is essentially a list of grievances with the Tennessee court system (and the United States Tax Court), names two federal officials as defendants. See id. Neither Director Wray nor Attorney General Barr act under color of state law. See id. In any event, Millen has not pled sufficient facts to plausibly allege that the defendants violated his constitutional rights. Indeed, the only allegations in the complaint against either defendant are that they refused to incarcerate the people involved in ruling against him in various legal proceedings and that they told him their investigations had not uncovered any violations of law. Accordingly, Millen has failed to state a viable claim under § 1983.

### III. RECOMMENDATION

For the reasons above, the undersigned recommends that Millen's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

s/ Tu M. Pham_____
TU M. PHAM
Chief United States Magistrate Judge

November 17, 2020_____
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**