# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KEVIN MILLEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:20-cv-02770-SHL-tmp |
| CHRISTOPHER A. WRAY and WILLIAM BARR, | ) ) ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

Before the Court is Magistrate Judge Tu M. Pham's Report and Recommendation ("Report"), (ECF No. 11), filed November 17, 2020, recommending that Plaintiff Kevin Millen's Complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Judge Pham found that the Complaint, (ECF No. 1)—which alleges that U.S. Attorney General William Barr and FBI Director Christopher Wray violated Plaintiff's constitutional rights when they failed to incarcerate the state court judges who denied Plaintiff's various claims—failed to state a claim upon which relief may be granted. On November 23, 2020, Plaintiff filed a Motion[1] to Object to the Frivolous Moot Brief Presented by a Idiotic Fool that States Lunatical Statements. (ECF No. 12.) For the reasons stated below, the Court **ADOPTS** the Report and **DISMISSES** the case *sua sponte*. Given this order, Plaintiff's Motion for Summary Judgment, (ECF No. 9), and Motion to Not Allow Subject Matter Jurisdiction Plus Showing Losses Because of the Misuse of the System, (ECF No. 10), are **DENIED AS MOOT**.

---

[1] The Court construes this Motion as Plaintiff's objection to the Report. While his objections have been considered, the Court **DENIES AS MOOT** the Motion.

**BACKGROUND**

Plaintiff has a long history with the Tennessee court system, including rulings against him in several cases. See, e.g., State v. Millen, No. W2011-01662-SC-R11-CD (Tenn. Crim. App. Aug. 15, 2012); Thomas v. Millen, No. W2019-00086-COA-R3-CV, 2019 WL 6954178 (Tenn. Ct. App.  Dec. 19, 2019).  However, this matter does not bring a claim against any state court actor.  Instead, it names two federal officers, the Attorney General and the FBI Director, as defendants to this action.  Though Plaintiff's allegations are unclear, he seems to allege that those federal officers violated 42 U.S.C. § 1983 when they failed to investigate or prosecute state court judges who denied his claims.  (See ECF No. 9 at PageID 36 ("[T]he FBI plus DOJ are supposed to investigate the color of law."); see also ECF No. 1 at PageID 2 ("They should have incarcerated all whom denied my cases.").)

Plaintiff seeks injunctive relief: he asks that this Court order 1) Tennessee Governor Bill Lee[2] to order the Board of Claims to pay Plaintiff, 2) the Department of Justice to "enforce the garnishment order"[3] by prosecuting and incarcerating the state actors responsible for it, and 3) the FBI Director to "enforce payment of civil suit against defendants" by investigating Plaintiff's claims.

**ANALYSIS**

To avoid dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  While pro se complaints are to be liberally construed, Williams v. Curtin, 631 F.3d 380,

---

[2] Not a party to this case.
[3] The "garnishment order" likely refers to a Tennessee Court of Appeals decision which upheld a garnishment from Plaintiff's bank account over his objection.  See Millen v. Hatter, No. W2016-01975-COA-R3-CV, 2018 WL 4929498 (Tenn. Ct. App. Oct. 11, 2018).

383 (6th Cir. 2011), a court cannot create a claim that is not present in a pleading.  See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").  Under 28 U.S.C. 1915(e)(2)(B)(ii), a court must dismiss a pro se complaint if it fails to state a claim.  Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth.  Id. at 679.  Here, for several reasons, the Complaint states no viable claims.

As recognized in the Report, the first flaw in Plaintiff's complaint is that he sues two federal officials under 42 U.S.C. § 1983, which creates a cause of action for violations of constitutional rights by officials acting under color of state law.  Both the Attorney General and the Director of the FBI obtain their authority from the federal government, not any state.  Thus, they cannot be sued under § 1983 for actions performed in their official capacity as federal officers.

In his Objection to the Report, Plaintiff generally references alleged violations of law and specifically points to 18 U.S.C. § 242, which makes it a crime to willfully deprive a person of constitutional rights "under color of any law."  (See ECF No. 12 at PageID 54.)  However, § 242 is a criminal statute and does not create a cause of action for a private citizen, like Plaintiff, to bring a civil suit.  And his more general allegations provide no basis for a cause of action against these federal officers.  To sue federal officials for violations of the Constitution, Plaintiff must make specific allegations of constitutional violations and bring a Bivens action.  See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  However, here, even if Plaintiff had sued under the correct cause of action, that suit would have also failed to state a claim.

Specifically, if this matter were brought under Bivens, it would still fail because the Court has no authority to grant any of Plaintiff's requested relief. First, under ordinary circumstances, the Court cannot issue an injunction against a non-party. See Fed. R. Civ. P. 65 (making limited exceptions to this rule). Thus, it cannot instruct Governor Lee to take the action requested. Even if the Governor were made a party to this case, the Court could not issue an injunction against him in his official capacity unless he acted in violation of federal law. See, e.g., Michigan Corr. Org. v. Michigan Dep't of Corr., 774 F.3d 895, 906 (6th Cir. 2014) (The sole doctrine allowing suits against state officials in their official capacity, Ex parte Young, "does not supply a right of action by itself."). Because Plaintiff alleges no federal law violated by Governor Lee, Ex parte Young does not apply and the Court cannot issue an injunction.

Further, the Court cannot issue an injunction against the U.S. Attorney General, commanding him to prosecute a certain case.[4] The judicial branch may not interfere with a criminal prosecution, an executive branch action, as this would undermine the separation of powers. See United States v. Nixon, 418 U.S. 683, 693 (1974) ("[T]he executive branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). Thus, no court could force the Attorney General to commence a prosecution.

The same is true for ordering the FBI, an executive branch agency, to commence an investigation, which is the first step in a prosecution. The Court cannot command the FBI to perform a discretionary executive function—the Bureau has the discretion to choose which of the myriad of serious crimes committed in the United States it should investigate. Moses v.

---

[4] Plaintiff calls for the prosecution of judges who ruled against him. However, in addition to the other ailments highlighted here, judges have absolute immunity from prosecution related to their official duties. See Stump v. Sparkman, 435 U.S. 349, 359 ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").

4

Kennedy, 219 F. Supp. 762, 765 (D.D.C 1963) (The importance of allowing executive discretion applies "to investigations, arrests, and imprisonments, just as much as . . . to actual prosecutions."); see also United States v. Lovasco, 431 U.S. 783, 796 (1977); Inmates of Attica Correctional Facility v. Rockefeller (2d Cir. 1973).

Because the Plaintiff fails to state a claim under § 1983, and, in any event, the Court does not have the authority to grant his requested relief, the Report is **ADOPTED** and the case is **DISMISSED**.

**IT IS SO ORDERED,** this 21st day of January, 2021.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
UNITED STATES DISTRICT JUDGE